56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Trinidad Esquivel GARCIA, Petitioner-Appellant,
v.
Janet RENO, Attorney General of the United States,
Respondent-Appellee.
 No. 94-1525.
 United States Court of Appeals, Tenth Circuit.
 May 23, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Trinidad Esquivel Garcia (Garcia), an inmate at FCI Florence in Florence, Colorado, appearing pro se, appeals from the district court's order dismissing his Petition for Writ of Mandamus and the action based on the Recommendation of United States Magistrate Judge Donald E. Abram.
 
 
 3
 Garcia filed this action seeking a mandate directing the Attorney General to transfer him to a Mexican prison pursuant to the Treaty on the Execution of Penal Sentences and the Act, 18 U.S.C. 4000, et seq. Garcia alleged that (1) specific criteria exists for the transfer of a prisoner under the Treaty and the Act, (2) he is an appropriate transfer candidate, (3) the Attorney General is required to promulgate rules and standards regarding transfer under the Treaty and has not done so, (4) the Attorney General's failure to promulgate rules frustrates the purposes of the Treaty, (5) the failure of the Attorney General to promulgate the rules constitutes final agency action, reviewable by the district court, and (6) Garcia has a liberty interest in the Transfer.
 
 
 4
 Garcia did not file objections to the Recommendations. Thus, no de novo review was conducted by the district court judge. On appeal, Garcia contends that he did not receive the Recommendations. (Opening Brief of Appellant, p. 4).
 
 
 5
 On appeal, Garcia contends that (1) the Attorney General has failed to follow the mandated criteria under the Treaty between the United States of America and the United Mexican States on the execution of the penal sentences; accordingly, purposes of the Treaty are not being met, (2) History of the Mexican Treaty clearly shows a duty to appellant, and (3) mandamus is a proper remedy for the appellant.
 
 
 6
 We have reviewed the record and the briefs. We affirm substantially for the reasons set forth in the "Recommendation of United States Magistrate Judge" dated August 26, 1994, and filed August 29, 1994 (R., Vol. I, Tab 6).
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470